CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 1 3 2007

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

VEOLIA WATER RETIREMENT ) 
SAVINGS PLAN, )
 )
     Plaintiff, )    Civil Action No.: 7:06CV00446
 )
v. )
 )
AARON D. SMITH, )    **MEMORANDUM OPINION**
JENNIFER N. ACERO, )    By: Hon. Glen E. Conrad
CATHERINE S. SMITH, )    United States District Judge
 )
     Defendants. )

     Veolia Water Retirement Savings Plan brought this interpleader action, naming as defendants Aaron D. Smith, Jennifer N. Acero, and Catherine S. Smith. The matter is currently before the court on Catherine S. Smith's motion for summary judgment as to defendants Aaron D. Smith and Jennifer N. Acero. For the following reasons, the court will grant the motion.

## BACKGROUND

     Veolia Water Retirement Savings Plan ("the Plan") filed an interpleader suit in this court on July 24, 2006. Douglas Smith, husband of Catherine Smith and father of Aaron Smith and Jennifer Acero, had been a participant in the Plan. After Douglas Smith's death on December 17, 2003, the proceeds of his Plan account became payable.

     On February 9, 2001, Catherine Smith entered into a prenuptial agreement with the decedent. The agreement provided that all property acquired by the parties prior to their marriage would be considered separate property. In addition, an attachment to the agreement provided that the decedent intended all proceeds to go to his children, and the decedent's last will and testament named his children as the beneficiaries of his estate. The Smiths did not complete any type of beneficiary designation form or beneficiary designation waiver after their marriage.

After Douglas Smith's death, Aaron Smith made a claim on the proceeds of the Plan account. The Plan sent Catherine Smith a letter advising her of benefit distribution, and she returned the Application for Benefits and Termination Distribution Form.

As a result of this dispute over the proceeds, the Plan filed this interpleader action. Catherine Smith filed a motion to dismiss and a motion for summary judgment, and a hearing was held on February 6, 2007. The court granted the Plan's motion for discharge, with the consent of all parties, on February 7, 2007.

## STANDARD OF REVIEW

The case is before the court on the defendant's motion for summary judgment. Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted if "there is no genuine issue as to any material fact and the … moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is appropriate "only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law ...." Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (internal quotations omitted). For a party's evidence to raise a genuine issue of material fact to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Industries, Inc., 763 F.2d 604, 610 (4th Cir. 1985).

## DISCUSSION

Defendant Catherine Smith claims that she is entitled to summary judgment because Douglas Smith did not complete a beneficiary designation form and she herself never executed a

2

valid beneficiary designation waiver. However, defendants Aaron Smith and Jennifer Acero claim that such a result would result in the unjust enrichment of Catherine Smith.

As both parties agree, the Veolia Water Retirement Savings Plan is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), and its accompanying case law. ERISA sets forth stringent requirements for a spouse to waive the joint and survivor annuity form of benefits, disallowing waiver unless:

> (i) the spouse of the participant consents in writing to such election, (ii) such election designates a beneficiary (or form of benefits) which may not be changed without spousal consent (or the consent of the spouse expressly permits designations by the participant without any requirement of further consent by the spouse), and (iii) the spouse's consent acknowledges the effect of such election and is witnessed by a plan representative or a notary public ....

29 U.S.C. § 1055(c)(2)(A) (2006). Furthermore, ERISA provides that any inconsistent state law is preempted. See Crosby v. Crosby, 986 F.2d 79, 84 (4th Cir. 1993).

In regard to such a waiver, the United States Court of Appeals for the Fourth Circuit has considered whether a prenuptial agreement is sufficient to meet ERISA's requirements, and has concluded that it is not. The facts of Hagwood v. Newton, 282 F.3d 285 (4th Cir. 2002), are very similar to those in this case. In Hagwood, the decedent and her husband signed a premarital agreement providing that separately owned property would remain separate property. Id. at 287. The agreement specifically referred to "stocks, bonds, employee savings and security plans and retirement accounts." Id. After the wife's death, her father brought an action against the husband to give effect to the prenuptial agreement. Id. The Court, however, concluded that the prenuptial agreement did not fulfill the waiver requirement of ERISA. Id. at 289. The couple was not married when the agreement was signed, and ERISA requires that "the spouse of the participant consent[] in writing" to a waiver. Id. (quoting 29 U.S.C. § 1055(c)) (emphasis added). In

3

addition, this conclusion, and its enforcement of ERISA formalities, is consistent with the policy behind ERISA, to ensure income to a surviving spouse. Id. at 290. The Court also noted that this ruling comported with the unanimous view of other federal courts who had addressed the issue and the Internal Revenue Service regulations. Id.

Based on the decision of the Fourth Circuit and the factual similarities between Hagwood and the instant case, the court concludes that the prenuptial agreement between Catherine and Douglas Smith could not waive the joint and survivor annuity form of benefits. Although the court finds that the prenuptial agreement stated that all property acquired by the parties prior to the marriage would be deemed separate property, this is not sufficient to affect the distribution of Plan benefits. Therefore, the motion for summary judgment by defendant Catherine Smith must be granted.

## CONCLUSION

For the reasons stated, the defendant's motion for summary judgment will be granted.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This _12ᵗʰ_ day of February, 2007.

_Jan 4 Conrad_

United States District Judge

4